after the word "business" the words "or by and with the consent of" defendant.

4. AUTOMOBILES AND GARAGES, § 3*—*when instruction on liability of owner for injury by third person driving car is improperly modified.* In an action to recover damages for injuries sustained by being struck by an automobile, an instruction that if the jury believed from the evidence that the defendant consented to and permitted a certain other party to take the automobile, and that in taking it such party was doing it for his own purposes and his own use and that the accident happened and plaintiff was injured while the said automobile was so being driven by such party, then the jury should find the defendant not guilty, *held* proper as offered and improperly modified by the court by striking out the word "not" before the word "guilty."

5. AUTOMOBILES AND GARAGES, § 2*—*when owner of automobile driven by another is liable for injuries to a person.* The owner of an automobile operated by another is only liable for injuries to a person where it is shown by a preponderance of the evidence that the person operating such automobile is in some degree acting for such owner or that he is operating such vehicle in and about the owner's business.

---

## A. Delbert Dewey, Appellee, v. J. C. K. Lindhout, Individually and as Trustee, Appellant.

### Gen. No. 22,738.  (Not to be reported in full.)

Appeal from the City Court of Chicago Heights; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed April 16, 1917.

### Statement of the Case.

Bill by A. Delbert Dewey, complainant, against J. C. K. Lindhout, individually and as trustee, defendant, for injunction to restrain defendant from disposing of a certain fund. From a decree ordering defendant to

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pay $182.03 costs of suit and permanently restraining him from disposing of said fund, defendant appeals.

FRANCIS X. BUSCH, for appellant.

GEORGE A. BRINKMAN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. TRUSTS, § 201*—*when evidence insufficient to warrant finding that trustee was wrongfully in possession of certain money.* Evidence *held* not to warrant a finding that defendant was wrongfully in possession of certain money received by him, as counsel for complainant's wife in a certain suit for divorce brought by her against complainant, pursuant to an agreement in the nature of an alimony agreement entered into between complainant and his wife, whereby he agreed that all debts of himself and herself should be paid under the supervision of defendant out of a certain fund to be paid in consideration of complainant delivering a deed and bill of sale of his property.

2. TRUSTS, § 201*—*when evidence sufficient to show absence of fraud by trustee.* Evidence *held* sufficient to show that defendant acted without any fraud or improper acts in his dealings with complainant and with diligence, discretion and fidelity to his client, complainant's wife, in receiving and disposing of a certain fund under a certain agreement between complainant and his wife in the nature of an alimony agreement.

3. TRUSTS, § 153*—*when deposit of funds in bank lies within discretion of trustee.* Where an attorney, who had represented a wife in a divorce suit, received money as a trustee, pursuant to an alimony agreement, whereby the husband agreed that all debts of both should be paid under the supervision of the attorney out of a fund created by the payment of a certain sum in consideration of the husband delivering a deed and bill of sale of his property, *held* that authority of the trustee to deposit the money in a bank might be inferred from his relationship to the parties and the fund, and that such depositing of the money was a matter resting in his discretion.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.